# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JOHN A. REED,

     Petitioner,                     **CASE NO. 2:11-CV-263**
                                     **JUDGE FROST**
     v.                          **MAGISTRATE JUDGE KING**

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

     Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, attached to Doc. No. 1,.Respondent's *Return of Writ*, Doc. No. 16, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On April 16, 2007, appellant picked up Lesslie Harris at her house to drive her to a wedding. On the way to the wedding, appellant and Harris stopped to eat some food and to get some money from Harris' nephew. Harris drove appellant's car as they left her nephew's house. Shortly thereafter, Officers Andrew Ward and Veronica Logsdon of the Columbus Police Department stopped Harris for failing to stop at a stop sign and for not using a turn signal. When the officers discovered that Harris did not have a valid drivers license and that appellant had an outstanding arrest warrant, they arrested them and placed them in the back of their police car.
>
> Because neither appellant nor Harris could drive the car away, the officers impounded appellant's car. Ward performed an inventory search of the car. Ward found a white shopping bag inside the car's trunk that contained a pair of woman's boots and some Chinese food.

Ward found a large quantity (163.06 grams) of crack cocaine inside one of the boots. The officers also searched appellant and found $900 cash.

As a result, a Franklin County Grand Jury indicted appellant and Harris with one count of possession of cocaine in violation of R.C. 2925.11. The count also contained a major drug offender designation pursuant to R.C. 2941.1410. Appellant entered a not guilty plea and proceeded to a jury trial. At trial, Ward and Logdson testified to the version of events previously described. Harris testified that she did not know there was crack cocaine in the trunk of appellant's car. She further testified that when appellant and Harris were in the police car together, appellant asked her to tell the police that the crack cocaine was hers.

The jury found appellant guilty as charged, and the trial court sentenced him accordingly. Appellant appeals and assigns the following errors:

[I]. THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S RULE 29 MOTION FOR ACQUITTAL BECAUSE THERE WAS INSUFFICIENT EVIDENCE PRESENTED BY THE APPELLEE TO CONVICT SAID APPELLANT OF POSSESSION OF COCAINE A MAJOR DRUG OFFENDER SPECIFICATION. IN ADDITION, THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

[II] THE TRIAL COURT ERRED IN NOT PERMITTING THE APPELLANT TO CROSS EXAMINE THE TESTFYING CODEFENDANT ON THE ISSUE OF WHAT SENTENCE SHE FACED IF SHE WAS FOUND GUILTY OF A FIRST-DEGREE FELONY OF POSSESSION OF COCAINE AND A MAJOR DRUG OFFENDER SPECIFICATION.

*State v. Reed*, No. 09AP-84, 2009 WL 5108834, at *1 (Ohio App. 10th Dist. Dec. 29, 2009). On December 29, 2009, the appellate court affirmed the trial court's judgment. *Id.* On April 14, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Reed*, 124 Ohio St.3d 1542 (2010).

On September 9, 2010, Petitioner filed an application to reopen the appeal pursuant to Ohio

Appellate Rule 26(B); however, on March 1, 2011, the appellate court denied Petitioner's Rule 26(B) application as untimely. *See Exhibits 12, 14 to Return of Writ*. Petitioner apparently did not file an appeal from that decision.

On April 26, 2011, Petitioner filed a motion to vacate and set aside his sentence. *Exhibit 15 to Return of Writ*. On July 7, 2011, Petitioner filed another motion to vacate his sentence. *Exhibit 16 to Return of Writ*. On August 15, 2011, the trial court denied these motions as barred under Ohio's doctrine of *res judicata*. *Exhibit 19 to Return of Writ*. Petitioner's appeal from that decision was pending in the Ohio Court of Appeals as of November 8, 2011. *See Exhibits 20-22 to Return of Writ*. On July 11, 2011, Petitioner filed the *pro se Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The trial court erred in not granting my Rule 29 motion for acquittal because of insufficient evidence on possession and major drug offender specification, where there was no physical evidence produced at trial linking appellant to drugs, and (Harris) committed perjury on the witness [stand], denying appellant due process and equal protection of law.
>
> 2. The trial court erred in improperly limiting his cross-examination of state witness (Harris) who had motive to lie thereby denying his right to confront witnesses. Under the circumstances we could not disprove (Harris) credibility. In sum and I need to be able to argue this to show bias and prejudice.

Respondent contends that Petitioner's claims are without merit.

## CLAIM ONE

In claim one, Petitioner alleges that the evidence was constitutionally insufficient to sustain his convictions due to a lack of physical evidence linking him to the drugs and because his co-defendant, Harris, testified untruthfully against Petitioner. The state appellate court rejected this

claim, reasoning in relevant part as follows:

> Appellant contends in his first assignment of error that his conviction is not supported by sufficient evidence. . . . We disagree.
>
> ***
>
> The Supreme Court of Ohio delineated the role of an appellate court presented with a sufficiency of the evidence argument in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:
>
> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *
>
> Whether the evidence is legally sufficient is a question of law, not fact. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Indeed, in determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. *State v. Yarbrough,* 95 Ohio St.3d 227, 767 N.E.2d 216, 2002-Ohio-2126, ¶ 79; *State v. Thomas* (1982), 70 Ohio St.2d 79, 80, 434 N.E.2d 1356. A verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *Treesh* at 484, 739 N.E.2d 749; *Jenks* at 273, 574 N.E.2d 492.
>
> In order to convict appellant of possession of cocaine, the state had to prove beyond a reasonable doubt that appellant knowingly possessed cocaine. R.C. 2925.11(A). Appellant claims the state failed to present sufficient evidence to prove that he knowingly possessed crack cocaine. We disagree.

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). " '[P]ossession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

Possession of a controlled substance may be actual or constructive. *State v. Burnett,* 10th Dist. No. 02AP-863, 2003-Ohio-1787, ¶ 19 (citing *State v. Mann* (1993), 93 Ohio App.3d 301, 308, 638 N.E.2d 585). A person has actual possession of an item when it is within his immediate physical control. *Id.* (citing *State v. Messer* (1995), 107 Ohio App.3d 51, 56, 667 N.E.2d 1022). Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession. *State v. Pilgrim,* 10th Dist. No. 08AP-993, 2009-Ohio-5357, ¶ 27 (citing *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus). A finding of constructive possession encompasses a finding that the defendant knowingly possessed the controlled substance. *State v. Alexander,* 8th Dist. No. 90509, 2009-Ohio-597, ¶ 24. In the instant case, because the crack cocaine was not found on appellant's person, the state was required to establish that appellant constructively possessed it.

Circumstantial evidence alone may be sufficient to support the element of constructive possession. *Jenks* at 272-73, 574 N.E.2d 492; *Alexander* at ¶ 25. Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, constitute evidence from which the trier of fact can infer whether the defendant had constructive possession over the subject drugs. *State v. Norman,* 10th Dist. No. 03AP298, 2003-Ohio-7038, ¶ 31; *State v. Baker,* 10th Dist. No. 02AP-627, 2003-Ohio-633, ¶ 23. The mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession, but if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, he or she can be convicted of possession. *State v. Wyche,* 10th Dist. No. 05AP-649, 2006-Ohio-1531, ¶ 18; *Burnett* at ¶ 20.

Viewed in a light most favorable to the state, the state presented sufficient evidence for reasonable minds to find that appellant constructively possessed the crack cocaine in the truck of the car. Although there was conflicting evidence regarding whether appellant

owned the car or rented the car, it was undisputed that appellant drove to Harris' house to pick her up. It was also undisputed that appellant was a passenger in the car when it was stopped. When a person is the driver or a passenger in a car in which drugs are within easy access, a trier of fact may find constructive possession. *State v. Fry,* 4th Dist. No. 03CA26, 2004-Ohio-5747, ¶ 41 (citing *State v. Morehouse* (Oct. 19, 1989), 8th Dist. No. 56031) (driver found in constructive possession); *State v. Brittman* (Feb. 10, 1994), 10th Dist. No. 93AP-1005 (passenger in car knowingly possessed drugs found in car); *State v. Kelly* (Mar. 25, 1998), 9th Dist. No. 2670-M (defendant, who was passenger of car, knowingly possessed drugs found in trunk).

Additionally, Harris denied knowing there was crack cocaine in the trunk and denied owning the woman's boots found in the trunk. She further testified that appellant asked her to tell the police that the drugs were hers and that he had nothing to do with it. Finally, there was a large amount of crack cocaine in the car's trunk. The greater the amount of illegal drugs involved, the greater the likelihood that the defendant knew the drugs were present. *State v. Barbee,* 9th Dist. No. 07CA009183, 2008-Ohio3587, ¶ 28. This is strong evidence that appellant knew the crack cocaine was in the trunk of the car.[FN1]

FN1. To the extent that appellant implies that Harris possessed the drugs, we note that objects such as drugs may be jointly possessed, when two or more persons have the ability to control an object, exclusive of others. *State v. Fletcher,* 9th Dist. No. 23171, 2007-Ohio-146, ¶ 20; *State v. Callender* (Jan. 20, 1998), 10th Dist. No. 97APA03-391; *In re Farr* (Nov. 9, 1993), 10th Dist. No. 93AP-201.

Viewing the totality of the evidence in a light most favorable to the state, the evidence is sufficient for reasonable minds to conclude that appellant knowingly possessed the crack cocaine found in the truck of his owned or rented vehicle. Accordingly, appellant's conviction is supported by sufficient evidence.

\*\*\*

Appellant argues that . . . Harris' testimony was not credible given the long prison sentence she faced for the same offense. We disagree. The jury was aware that Harris was charged with the same offense as appellant and that she potentially faced a long prison term. The jury was also aware that Harris sought a break on her own case and wanted to "look good" in her testimony. Nevertheless, the jury apparently found her testimony credible. That determination is within the

province of the jury. . . .

\*\*\*

Appellant's conviction is supported by sufficient evidence[.]

*State v. Reed,* 2009 WL 5108834, at \*3-6.

The factual findings of the state appellate court are presumed to be correct.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In order to obtain habeas corpus relief, Petitioner must show the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, – S.Ct. –, 2011 WL 5299458, at \*1 (Nov. 7, 2011)(quoting *Harrington v. Richter,* 562 U.S. ——, ——, 131 S.Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against

extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S.Ct. at 786 (quoting *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

To the extent that Petitioner asserts in these proceedings that his convictions were against the manifest weight of the evidence, this claim fails to present an issue appropriate for federal habeas corpus review. The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those who have been convicted without proof sufficient to allow a rational trier of fact to find guilt beyond a reasonable doubt. *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.1983). Under Ohio law, however, a claim that a verdict was against the manifest weight of the evidence – as opposed to one based upon insufficient evidence – requires the appellate court to act as a "thirteenth juror" and review the entire record, weigh the evidence and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31(1982). Since a federal habeas court does not function as an additional state appellate court, vested with the authority to conduct such an exhaustive review, Petitioner's claim that his convictions were against the manifest weight of the evidence cannot be considered by this Court.

As to Petitioner's contention that the evidence was constitutionally insufficient to sustain his convictions, before a criminal defendant can be convicted consistent with the United States

Constitution, there must be sufficient evidence to justify a reasonable trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319. To determine whether the evidence was sufficient to support a conviction, this Court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson,* at 319). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilty." *Id.* (quoting *Jackson,* at 326). "[A] reviewing court 'faced with a record that supports conflicting inferences must presume- even if it does not appear on the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Id.* (quoting *Jackson,* at 326).

Further, there is a "double layer" of deference due to state court determinations about the sufficiency of the evidence. As explained in *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), deference is due to the jury's finding of guilt because the standard, established by *Jackson v. Virginia,* is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Even if a *de novo* review of the evidence leads to the conclusion that no rational trier of fact could have so found, a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *See also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas corpus petitioner to overcome, and Petitioner has not done so here. For the reasons addressed by the state appellate court, when viewing the evidence in the light most favorable to the prosecution, this Court agrees that the evidence was constitutionally sufficient to sustain Petitioner's convictions.

Claim one is without merit.

## CLAIM TWO

In claim two, Petitioner alleges that he was convicted in violation of the Confrontation Clause because the trial court improperly limited his cross-examination of Harris. The state appellate court rejected this claim, reasoning as follows:

> Appellant contends in his second assignment of error that the trial court improperly limited his cross-examination of Harris. He claims that the trial court's limitation prevented his trial counsel from establishing Harris' motive to lie, thereby denying him his right to confront witnesses. We disagree.

> The Sixth Amendment's right to confront witnesses guarantees a criminal defendant the right to cross-examine witnesses. *City v. Miller* (Sept. 12, 1989), 10th Dist. No. 89AP-111. A criminal defendant's right to confront and cross-examine a witness is not unlimited. *State v. Albanese,* 11th Dist. No.2005-P-0054, 2006-Ohio-4819, ¶ 56 (citing *Delaware v. Van Arsdall* (1986), 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674). The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. *State v. Green* (1993), 66 Ohio St.3d 141, 47 (quoting *Alford v. United States* (1931), 282 U.S. 687, 691, 51 S.Ct. 218, 219, 75 L.Ed. 624). A trial court has considerable discretion to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. *State v. Treesh,* 90 Ohio St.3d 460, 480, 739 N.E.2d 749, 2001-Ohio-4 (citing *Van Arsdal); State v. Kish,* 9th Dist. No. 02CA008146, 2003-Ohio-2426, ¶ 12. A trial court's limitation on cross-examination will not be disturbed in the absence of an abuse of discretion. *Id.* An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

> Appellant's trial counsel questioned Harris extensively about her cooperation with the state in this matter. Harris testified that she was charged with the same offenses as appellant and that the charges against her were still pending at the time of appellant's trial. Appellant's trial counsel repeatedly asked Harris if her testimony was an attempt to "look good" and to get a break on her own case. Harris admitted that she wanted to cooperate and that she wanted a break on her own case. Nevertheless, Harris testified that she had not been promised anything and that she did not know what would happen with her own case.

Appellant contends that the trial court should have allowed his trial counsel to question Harris about the potential penalties she faced if convicted of the charges pending against her. Appellant argues the trial court improperly restricted his counsel's ability to emphasize Harris' motive to lie. We note, however, that Harris twice admitted on cross-examination that she faced a potential lengthy prison sentence in her case. See *City v. Bishop,* 10th Dist. No. 08AP-300, 2008-Ohio-6964, ¶ 20 (no error excluding certain testimony where subject matter of excluded testimony was admitted as evidence in another way). First, trial counsel asked her "you know that if you get convicted of what you're charged with, it's a mandatory ten years in prison, do you not?" Harris replied "Exactly." (Tr. 47.) Although the trial court sustained an objection to the question, the prosecutor did not move to strike the answer. Nor did the trial court instruct the jury to disregard Harris' answer. Later, when asked if she wanted a break on her case, Harris replied "I don't want to go to jail for ten years." (Tr. 53.) Thus, the jury was aware that Harris faced a potential lengthy prison sentence, notwithstanding the trial court's purported limitation. Therefore, the jury considered that testimony in judging Harris' credibility.

Although a defendant is entitled to an opportunity to establish a witness' motive to lie, a trial court may limit cumulative cross-examination if the defendant has already elicited the testimony demonstrating that potential motive. *State v. Gonzales,* 151 Ohio App.3d 160, 783 N.E.2d 903, 2002-Ohio-4937, ¶ 45 (citing *United States v. Nelson* (C.A.7, 1994), 39 F.3d 705, 708). A defendant does not have an unlimited right to emphasize that motive. *Id.; Nelson* at 708 (once cross-examination reveals motive to lie, "it is of peripheral concern to the Sixth Amendment how much opportunity defense counsel gets to hammer that point home to the jury").

Here, appellant's trial counsel questioned Harris extensively about her cooperation with the state and her desire to "look good" in order to receive a reduced sentence in her case. That questioning adequately established Harris' motive to lie. *Id* . (cross-examination adequate where jury had sufficient information to make a discriminating appraisal of the witness' motives and bias). The trial court did not abuse its discretion by limiting trial counsel's attempt to further hammer home Harris' motive by questioning her in greater detail about the possible penalties she faced, especially in light of the fact that appellant was charged with the same offenses. See *State v. Gresham,* 8th Dist. No. 81250, 2003-Ohio-744, ¶ 10 (no error refusing to allow cross-examination of testifying co-defendant about potential penalties where penalties were the same as defendant's and would improperly

> inform jury of possible sentence). Cf. *Gonzales* at ¶ 48 (noting that
> federal cases have held that it is not an abuse of discretion to limit
> inquiry into potential sentences faced by a cooperating witness).

*State v. Reed*, 2009 WL 5108334, at *1-3. The factual findings of the state appellate court are

presumed to be correct, 28 U.S.C. § 2254(e), and Petitioner does not dispute these findings.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the

right to physically confront and cross examine adverse witnesses at all stages of the trial. *Illinois v.*

*Allen,* 397 U.S. 337, 388 (1970). A criminal defendant's right to cross-examine witnesses against

him, however, is not unlimited. "Trial judges retain wide latitude. . . to impose reasonable limits on

such cross-examination based on concerns about, among other things, harassment, prejudice,

confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally

relevant." *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986). The Confrontation Clause thus

guarantees the opportunity for effective cross-examination, not cross-examination in whatever way

or to whatever extent the defendant may desire. *Id.* (quoting *Delaware v Fensterer*, 474 U.S. 15, 20

(1985)). *See also Norris v. Schotten*, 146 F3d 314, 330 (6th Cir. 1998)(no Confrontation Clause

violation where relevance of questions prohibited on cross-examination is unclear and the risk of

prejudice real)(citations omitted).

Where a trial court limits the extent of a criminal defendant's cross-examination, but does not

bar it completely, the trial court is afforded wider latitude. *Dorsey v. Parke,* 872 F.2d 163, 167 (6th

Cir.1989). Under such circumstances, the test is "whether the jury had enough information, despite

the limits placed on otherwise permitted cross-examination, to assess the defense theory." *Drummond*

*v. Houk*, 761 F.Supp.2d (N.D. Ohio 2010)(citing *Dorsey v. Parke*)).

As discussed by the state appellate court, the trial transcript in this case indicates that Petitioner was able to place sufficient facts before the jury reflecting Harris' possible motive for testifying against him, *i.e.*, to curry favor with the prosecution and avoid a lengthy jail sentence on the criminal charges that she, too, was facing. Under these circumstances, it cannot be said that Petitioner was denied his constitutional right under the Confrontation Clause.

Claim two is without merit.

**WHEREUPON**, and for the reasons stated *supra*, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

  *s/ Norah McCann King*  

Norah McCann King

United States Magistrate Judge

February 15, 2012